885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert DUTY, Defendant-Appellant.
 No. 89-5014.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Sept. 18, 1989.
 
 David K. Hendrickson and Carol M. Plunkett, Kay, Casto & Chaney, on brief for appellant.
 Michael W. Carey, United States Attorney, and R. Lynette Ranson, Assistant United States Attorney, on brief for appellee.
 Before HARRISON L. WINTER, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Duty appeals the sentence imposed after he entered a guilty plea to conspiracy to possess and transport stolen motor vehicles. 18 U.S.C.A. Sec. 371 (West 1966). Since the offense was committed after November 1, 1987, the sentence was governed by the Sentencing Reform Act of 1984, 18 U.S.C.A. Secs. 3551, et seq. (West 1985 & Supp.1989), and the sentencing guidelines promulgated by the United States Sentencing Commission. We affirm.
 
 I.
 
 2
 During 1988 the FBI launched an undercover investigation in the high motor vehicle theft rate area of Lincoln County, West Virginia. On May 21, 1988 an undercover FBI agent purchased a stolen vehicle from Duty and three co-defendants, an offense for which charges were subsequently dismissed pursuant to a plea agreement. At the time of this offense Duty was carrying a loaded firearm, and Duty told his co-defendants that he was prepared to use the weapon "if anything went wrong." On August 17, 1988, the day Duty was arrested, an automatic weapon was seized from his possession. Duty subsequently pled guilty to a single-count superseding indictment charging conspiracy.
 
 
 3
 The district court adopted the agreement of the parties that under Guideline Sec. 2B1.1 Duty's correct offense level was 11 and that he had a criminal history category of I, resulting in a sentencing range of 8-14 months. The court determined that Duty's possession of a loaded firearm warranted an upward departure of 6 months and sentenced him to serve 20 months incarceration and three years supervised release. On appeal, Duty contends that the district court impermissibly relied on his possession of a weapon as a basis to depart from the applicable guideline range. Duty argues that this factor was adequately taken into account by the Sentencing Commission in promulgating Sec. 2B1.1, that the act of possessing a firearm did not occur during the offense of conviction and thus should not have been considered, and that in any event this factor did not justify a departure.[1] There is no merit to any of Duty's contentions.
 
 II.
 
 4
 Review of a departure from the sentencing guidelines is governed by 18 U.S.C.A. Sec. 3742(e)(3) (West Supp.1989), which provides:
 
 
 5
 (e) Consideration.--Upon review of the record, the court of appeals shall determine whether the sentence--
 
 
 6
 .............................................................
 
 
 7
 ...................
 
 
 8
 * * *
 
 
 9
 (3) is outside the applicable guideline range, and is unreasonable, having regard for--
 
 
 10
 (A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and
 
 
 11
 (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c).
 
 
 12
 Although section 3742(e)(3) provides for a reasonableness standard, "an appellate court must fashion a more carefully tailored scrutiny of the reasonableness of a departure decision than might be suggested by the bare statutory term 'unreasonable.' " United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989).
 
 
 13
 Pursuant to section 3553(c)(2), the district court articulated its reasons for departing from the guidelines range. It correctly found that Duty's possession of a loaded firearm was an aggravating factor of a kind not adequately taken into consideration in formulating the guidelines for theft. 18 U.S.C.A. Sec. 3553(b) (West Supp.1989). Guideline Sec. 2B1.1 addresses the offense of theft and makes no mention directly or by reference to possession of a weapon. On its face it is obvious that the Sentencing Commission did not consider this factor in promulgating this guideline. The Sentencing Commission did, however, issue a policy statement which addresses possession of a weapon during the commission of an offense and specifically invites a district court to depart when this factor is present. Guideline Sec. 5K2.6. Finally, we cannot say that an upward adjustment of 6 months was unreasonable.
 
 III.
 
 14
 Duty's contention that he did not possess a weapon during the offense of conviction is likewise without merit. The policy statement for departures contained in Guideline Sec. 5K2.0 provides that "[h]arms identified as a possible basis for departure from the guidelines should be taken into account only when they are relevant to the offense of conviction, within the limitations set forth in Sec. 1B1.3." Guideline Sec. 1B1.3 lists the types of conduct to be considered in determining the applicable guideline range, including all acts or omissions committed by the defendant in furtherance of the offense. Duty pled guilty to conspiracy to possess and transport stolen vehicles. Duty's possession of a firearm during the undercover agent's purchase of a stolen vehicle and Duty's statement of his intent to use the weapon if necessary fully support the finding that Duty's possession of a loaded firearm was in furtherance of the conspiracy. In addition, the fact that Duty was in possession of an automatic weapon at the time of his arrest fully supports a departure.
 
 
 15
 Duty also contends that departures from the sentencing guidelines are warranted only under unusual circumstances not present here. As discussed above, his possession of a weapon clearly provided an appropriate basis for departure.
 
 IV.
 
 16
 The upward departure of 6 months was reasonable and consistent with the policy statements of the sentencing guidelines. Accordingly we affirm the decision of the district court sentencing Duty to 20 months. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Duty also appears to complain that during the sentencing hearing the district court indicated that the circumstances of the offense justified a sentence at the high point of the resulting range and that in addition a departure was appropriate. Our reading of the transcript reveals that the district court determined that without consideration of the weapon a sentence at the high point of the appropriate range was in order and that an upward departure of six months was justified because of the weapon possession. Even if Duty's interpretation is correct, it affords no basis for relief